# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CYNTHIA FOSS, <br>     Plaintiff, | ) <br> ) <br> ) <br> ) <br> ) | |
| v. | ) <br> ) <br> ) | **CIVIL ACTION** <br> **18-40065-TSH** |
| HAYWARD INDUSTRIES, <br>     Defendant. | ) <br> ) <br> ) <br> ) | |

### MEMORANDUM OF DECISION AND ORDER
### May 30, 2019

**HILLMAN, D.J.**

### Background

Cynthia Foss ("Foss" or "Plaintiff"), proceeding *pro se*, filed a Complaint against Hayward Industries ("Hayward") on May 7, 2018, together with a motion to proceed *in forma pauperis*. On May 17, 2018, the Court granted the motion to proceed *in forma pauperis* and ordered her to file an amended complaint that complies with the basic pleading requirements of the Federal Rules of Civil Procedure, or face dismissal of her action. On June 4, 2018, Foss filed an Amended Complaint; summons were issued to Foss on June 6, 2018. On September 26, 2018, well after the time for effecting service had passed[1], Foss filed a motion for extension of time to complete service and motion to further amend her complaint. *See* Docket No. 13. Those

---

[1] Under Fed.R.Civ.P. 4(m), service must be completed within 90 days of the date of the filing of the complaint and may only be extended for "good cause." In this case, the Amended Complaint was filed June 4, 2018 *and* Foss was informed by Order dated June 5, 2018 (Docket No. 10) that service must be completed within 90 days. Therefore, she was required to serve Hayward by September 4, 2018 (taking into consideration that September 3d was Labor Day).

motions, which were opposed by Hayward, were denied: the motion to further amend the complaint was denied on futility grounds and the motion for extension of time was denied for failure to establish good cause. *See* Docket No. 17. Foss was notified that her action would be dismissed within twenty-one days unless she could establish that she had timely served Hayward. Instead, on April 12, 2019, Foss filed another motion for extension of time to complete service (Docket No. 19) and another motion for leave to file an amended complaint (Docket No. 20). Despite the pendency of these motions and the Court's notice that her case would be dismissed unless she could establish that she had timely served Hayward, Foss filed a motion for an order that Hayward and other unnamed parties cease and desist use of her "exclusive rights " (Docket No. 23) and a motion for default judgment (Docket No. 24).[2] For the reasons set forth below, these motions are *denied*, and this action is dismissed.

## Discussion

### The Motion for Extension of Time For Service

> 'Good cause is likely (but not always) to be found when the plaintiff[']s failure to complete service in [a] timely fashion is a result of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstance [s], or the plaintiff is proceeding pro se or in forma pauperis. Pro se status or any of the other listed explanations for a failure to make timely service, however, is not automatically enough to constitute good cause for purposes of Rule 4(m).'

*Egan v. Tenet Health Care,* 193 F. Supp. 3d 73, 84 (D. Mass. 2016)(citation to quoted case omitted). Foss's second motion for additional time to complete service is denied as she has

---

[2] While Foss is proceeding *pro se*, she is expected to know and comply with this Court's rules of procedure. Foss's motion for default judgment filed against Hayward, *who has never been properly served*, is *denied* for obvious reasons. The Court is sorely tempted to impose sanctions against Foss for what is clearly a frivolous and malicious motion. Hayward has filed an 8 page motion in opposition. Given that the motion for default judgment was clearly baseless, I do not find that it was necessary to spend more than a modicum of time on the opposition and therefore, the Court will refrain from sanctioning Foss.

failed to establish good cause for failing to effect service in a timely manner. Indeed, Foss does not even attempt to provide any justification for seeking to effect service what would now be eight to nine months beyond the time required by this Court's rules[3].

## The Motion To Amend Complaint

The motion to amend complaint is denied for the reasons stated in Hayward's opposition, *i.e.*, allowance of the amendment would be futile because on the face of the pleading, Foss's claims are barred by the statute of limitations, she fails to allege plausible claims for copyright infringement and any state law claims asserted are preempted. Additionally, based on the allegations in Foss's pleadings, it is unlikely that the Court has personal jurisdiction over Hayward.

## The Motion To Cease and Desist

Foss requests that the Court order Hayward and "Doe's 1-10,000," who are apparently unnamed persons not party to this case, cease and desist "use of all Plaintiff's exclusive rights." Given the posture of this case, a protracted discussion of this motion is not warranted. The motion is ***denied***.

## **Conclusion**

1. Plaintiff [sic.] Motion To Extend Time For Service (Docket No. 19) is ***denied***;

2. Plaintiff's Motion For Leave Of [sic.] Amended Complaint (Docket No. 20) is ***denied***;

---

[3] In her reply to Hayward's opposition, Foss asserts that she did not timely serve Hayward because she was not "comfortable" with her complaint, was not aware of the deadline for service because she "did not receive the deadline in the mail" and Hayward has had actual notice even if it was not properly served. She also claims to have "served" a copy of the Amended Complaint on Hayward on April 12, 2019, even though proof of service has never been filed. Even if the Court were to consider these assertions (which because they were not included in her original submission, I am not inclined to do), they do not establish good cause for an extension. As noted above, *pro se* litigants are expected to comply with this Court's rules of procedure, which provide for service of the complaint within 90 days. Moreover, in this Court's Order dated June 5, 2018 (Docket No. 10), which was mailed to Foss, it expressly states that she would have 90 days from the date thereof to complete service. Foss filed a motion for extension of time to complete service on September 26, 2018 in which she stated that she failed to serve Hayward because she was uncomfortable with the form of her complaint; she does not state she was unaware of the deadline. Under the circumstances, Foss's claim that she was unaware that there was a deadline for completing service of the complaint is, at best, disingenuous.

3

3. Motion For Doe's Orders 1-10,000 [sic.] (Docket No. 23) is ***denied***; and

4. Motion for Default Judgment (Docket No. 24) is ***denied***.

This action shall be dismissed with prejudice.

***SO ORDERED.***

*/s/* ***Timothy S. Hillman***
TIMOTHY S. HILLMAN
DISTRICT JUDGE